**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| **ROBERT POLLARD** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
|   **vs.** | ) **CASE NO.** |
| | ) |
| **BAPTIST HEALTH FLOYD** | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.      Plaintiff, Robert Pollard ("Pollard" or "Plaintiff"), by counsel, brings this action against Defendant, Baptist Health Floyd, ("Defendant"), for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*, and the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.*

**II. PARTIES**

2.      Pollard is a resident of Floyd County in the State of Indiana and at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. §626(c); and 42 U.S.C. §12117(a).

5.    Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5) and 29 U.S.C. §630(b).

6.    Pollard is an "employee" as that term is defined by 42 U.S.C §12111(4) and 29 U.S.C. §630(f).

7.    Pollard satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on disability and age. Pollard received the required Notice of his Right to Sue and timely files this action.

8.    A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9.    Pollard was born in the year 1972.

10.    Pollard also is a qualified individual with a disability as that term is defined by the ADA. Specifically, Pollard suffers from Narcolepsy which substantially limits him in one or more major life activities, including sleep. Pollard has no control over when he falls asleep.

11.    Pollard began working for Defendant on or about January 17, 2022, as a Nurse's Aide.

12.    At all relevant times, Pollard met or exceeded Defendant's legitimate performance expectations. He received an Angel Award during his first month of employment and the Star Employee award in or around June 2022.

13.    In or around May 2022, Pollard was pulled to the Med Center and forced to go to the video observation area where he would be required to sit in front of a monitor to watch

patients for twelve consecutive hours a day. Pollard informed Nurse Managers Scottie O'Daniel ("O'Daniel") and Becky Keith ("Keith") of his disability and that the assignment would be a challenge to remain awake given his disability. After inquiring about other roles available, Defendant insisted on placing him in the position anyway.

14.     On or about June 13, 2022, Pollard had a narcoleptic episode at work during which he momentarily dozed off at work.

15.     Defendant terminated Pollard's employment due to the aforementioned narcoleptic episode.

16.     Similarly situated non-disabled and/or younger employees who fell asleep at work have not been terminated from employment. Instead, they were sent home for the remainder of the day and allowed to return to work. These individuals include Georgi Anderson ("Anderson"), Kaylee Hughes ("Hughes"), and Brooklyn Wentz ("Wentz").

**V. CAUSES OF ACTION**
**COUNT I: DISABILITY DISCRIMINATION**

17.     Pollard hereby incorporates paragraphs one (1) through sixteen (16) of his Complaint as if the same were set forth at length herein.

18.     Defendant violated Pollard's rights as protected by the ADA, 42 U.S.C. §12101 *et seq.* by discriminating against him because of his actual or perceived disability. Defendant failed to provide him with a reasonable accommodation and subjected him to disparate treatment because of his disability in violation of the ADA.

19.     Pollard's employment was terminated because of his disability.

20.     Defendant's actions were intentional, willful, and in reckless disregard of Pollard's rights as protected by the ADA.

21.     Pollard has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: AGE DISCRIMINATION

22.     Pollard hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint as if the same were set forth at length herein.

23.     Pollard's employment was terminated because of his age.

24.     Defendant's actions were intentional, willful, and in reckless disregard of Pollard's rights as protected by the ADEA.

25.     Pollard has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Robert Pollard, respectfully requests that this court enter judgment in his favor and award him the following relief:

1.     Reinstate Pollard's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Pollard of front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Liquidated damages for Defendant's violations of the ADEA;

5.     Compensatory damages for Defendant's violations of the ADA;

6.     Punitive damages for Defendant's violations of the ADA;

7.     All costs and attorney's fees incurred as a result of bringing this action;

8.     Pre- and post-judgement interest on all sums recoverable; and

9.     All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  /s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 23551-49
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Robert Pollard*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Robert Pollard, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 23551-90
144 North Delaware Street Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Robert Pollard*